**Allmand Law Firm, PLLC**
860 Airport Freeway, Suite 401
Hurst, TX 76054

Bar Number:   24027134
Phone:   (214) 265-0123

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Donald Gene Atwell** | xxx-xx-9706 | § | Case No:   **17-40257-13** |
| 11041 Peninsula Lane | | § | |
| Keller, TX  76244 | | § | Date:   **1/25/2017** |
| | | § | Chapter 13 |
| | | § | |
| **Glynda Ellen Atwell** | xxx-xx-6804 | | |
| 11041 Peninsula Lane | | | |
| Keller, TX  76244 | | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

**DISCLOSURES**

☑  This *Plan* does not contain any nonstandard provision(s).

☐  This *Plan* does contain nonstandard provision(s).

☑  This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐  This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2016-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order").  All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | | |
|---|---|---|---|---|
| Plan Payment: | **Variable** | Applicable Commitment Period: **60 months** | Estimated Unsecured Creditors Pool: | **$0.00** |
| Plan Term: | **60 months** | Disposable Income per § 1325(b)(2): | **$0.00** | |
| Plan Base: | **$86,280.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** | |

Case No: 17-40257-13
Debtor(s): **Donald Gene Atwell**
**Glynda Ellen Atwell**

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 10/1/16

**A. PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$754.00__ per month, months __1__ to __6__.
__$1,514.00__ per month, months __7__ to __60__.

For a total of __$86,280.00__ (estimated "*Base Amount*").

First payment is due _____.

The applicable commitment period is __60__ months.

Disposable Income calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4) is: __$0.00__.

The unsecured creditor's pool, as estimated by the *Debtor(s)*, shall be no less than __$0.00__.

**B. STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2014-04 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C. ATTORNEY FEES:** To _____**Allmand Law Firm, Pllc**_____, total: __$3,700.00__;
__$229.00__ Pre-petition; __$3,471.00__ disbursed by the *Trustee*.

Case No:    17-40257-13
Debtor(s):  **Donald Gene Atwell**
            **Glynda Ellen Atwell**

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Monterrey Mhp Partners, Ltd** rental lot | $1,462.00 | $1,462.00 | 0.00% | | Pro-Rata |
| **Montgomery Lovell, Ltd.** mobile Home | $2,093.00 | $2,093.00 | 0.00% | | Pro-Rata |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| **Ally Financial** 2012 Ford F 150 | $26,309.39 | 4.25% | Month(s) 1-60 | $438.49 |
| **One Main Finance** 2007 Honda Ridgeline V-6 (approx. 188500 miles) | $7,324.07 | 4.25% | Month(s) 1-60 | $122.07 |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

Case No:   17-40257-13
Debtor(s):   **Donald Gene Atwell**
              **Glynda Ellen Atwell**

### F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
|  |  |  |  |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **City of Fort Worth Appraisal** | Homestead | $190.84 |
| **Keller ISD Appraisal** | Homestead | $44.66 |
| **Montgomey Lovell, LTD** | Homestead | $36,322.00 |
| **Regional Water District Appraisal** | Homestead | $5.58 |
| **Tarrant County Appraisal** | Homestead | $73.66 |
| **Tarrant County College Appraisal** | Homestead | $41.71 |
| **Tarrant County Hospital District Apprais** | Homestead | $63.58 |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **Internal Revenue Service** | $36,000.00 | Month(s) 10-59 | Pro-Rata |

### I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION: _____

### J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Acceptance Now** | $1,755.00 |  |
| **Ad Astra Recovery Serv** | $915.00 |  |
| **Ad Astra Recovery Serv** | $596.00 |  |
| **Advanced Genomics** | $4,510.44 |  |
| **Alliance one** | $0.00 |  |
| **Covington Credit/Smc** | $790.00 |  |

Case No: 17-40257-13
Debtor(s): **Donald Gene Atwell**
**Glynda Ellen Atwell**

| | |
|---|---:|
| **Credit Service Co** | $860.00 |
| **Credit Service Co** | $772.00 |
| **Credit Systems Intl In** | $260.00 |
| **Credit Systems Intl In** | $85.00 |
| **Credit Systems Intl In** | $72.00 |
| **Credit Systems Intl In** | $100.23 |
| **Credit Systems Intl In** | $1,551.70 |
| **Diversified Credit Sys** | $726.00 |
| **DRS** | $142.90 |
| **DRS** | $2,180.27 |
| **Ecmc** | $15,276.00 |
| **Financial Corp. of America** | $918.28 |
| **First National Bank** | $11.00 |
| **First National Collection Beuau** | $374.95 |
| **First Premier Bank** | $541.00 |
| **First Premier Bank** | $375.00 |
| **Forest Park Medical at Southlake** | $912.21 |
| **Gc Servies Limited Partnership** | $287.00 |
| **Heart Place** | $381.65 |
| **Medicredit, Inc** | $918.00 |
| **Mirand Response Systems** | $530.29 |
| **Mnet Financial** | $663.00 |
| **North Hills Hospital** | $1,269.70 |
| **NPAS Inc.** | $638.96 |
| **NTTA/Linebarger, Goggan, Blair &** | $0.00 |
| **Paramount Recovery Systems** | $56.00 |
| **Professional Account Management** | $0.00 |
| **Rs Clark and Associate** | $208.00 |
| **Rs Clark and Associate** | $208.00 |
| **Snap Finance** | $0.00 |
| **Spine Team Texas PA** | $407.44 |
| **TX Health physician Group** | $109.15 |
| **TX Health physician Group** | $124.97 |
| **United Revenue Corp** | $274.00 |
| **World Finance Corporat** | $800.80 |
| TOTAL SCHEDULED UNSECURED: | $40,601.94 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is **2%**.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

Case No: 17-40257-13
Debtor(s): **Donald Gene Atwell**
**Glynda Ellen Atwell**

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|

## SECTION II
## DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS
## FORM REVISED 10/1/16

**A.  SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

**B.  ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.  ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1)  PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*.  Such creditors shall retain their liens.

**D.(2)  CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan.*  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

**D.(3)  POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3).  To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

Case No:   17-40257-13
Debtor(s):   **Donald Gene Atwell**
             **Glynda Ellen Atwell**

### E.(1)   SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

### E.(2)   SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G.   DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I.   CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

### J.   GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

### K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

### L.   CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

### M.   ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

### N.   POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

### O.   CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

### P.   CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

### Q.   CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R.   BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

### S.   NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

### T.   DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan.*  Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

U.   **ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

Case No:   17-40257-13
Debtor(s):   **Donald Gene Atwell**
             **Glynda Ellen Atwell**

---

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

**V.   POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

**W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No:   17-40257-13
Debtor(s):   **Donald Gene Atwell**
            **Glynda Ellen Atwell**

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Weldon Reed Allmand**

Weldon Reed Allmand, Debtor's(s') Attorney           Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Weldon Reed Allmand**                          **24027134**

Weldon Reed Allmand, Debtor's(s') Counsel           State Bar Number

Case No:   17-40257-13
Debtor(s):   **Donald Gene Atwell**
              **Glynda Ellen Atwell**

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the   **13th day of February, 2017**   :

(List each party served, specifying the name and address of each party)

Dated:   **February 13, 2017**              /s/ Weldon Reed Allmand
                                            Weldon Reed Allmand, Debtor's(s') Counsel

| | | |
|---|---|---|
| Acceptance Now<br>xxxxxxxxxxxxxxxxxxxx0079<br>5501 Headquarters Dr<br>Plano, TX 75024 | Attorney General of Texas<br>Bankruptcy Collection Division<br>PO Box 12017<br>Austin, TX 78711 | Credit Systems Intl In<br>xxxxx1080<br>1277 Country Club Ln<br>Fort Worth, TX 76112 |
| Ad Astra Recovery Serv<br>xxx8754<br>3611 N Ridge Road #104<br>Wichita, KS 67205 | City of Fort Worth Appraisal<br>c/oLinebarger Goggan Blair &<br>Sampson LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | Credit Systems Intl In<br>xxxxx5930<br>1277 Country Club Ln<br>Fort Worth, TX 76112 |
| Ad Astra Recovery Serv<br>xxx5131<br>3611 N Ridge Road #104<br>Wichita, KS 67205 | Covington Credit/Smc<br>xxxxx0485<br>P.O. Box 1947<br>Greenville, SC  29602 | Credit Systems Intl In<br>xxxxxx-xxx9181<br>1277 Country Club Ln<br>Fort Worth, TX 76112 |
| Advanced Genomics<br>xx8680<br>4939 D Zavala, Suite 101<br>San Antonio, TX 78249 | Credit Service Co<br>xxx7932<br>PO Box 1120<br>Colorado Springs, CO 80901 | Credit Systems Intl In<br>xxx7932<br>PO Box 1120<br>Colorado Springs, CO 80901 |
| Alliance one<br>xxxx4097<br>6160 Mission Gorge Road<br>San Diego, CA 92120 | Credit Service Co<br>xxx4217<br>PO Box 1120<br>Colorado Springs, CO 80901 | Diversified Credit Sys<br>x3436<br>PO Box 3424<br>Longview, TX 75606 |
| Ally Financial<br>xxxxxxxx1450<br>PO Box 78234<br>Phoenix, AZ  85062 | Credit Systems Intl In<br>xxxxx2419<br>1277 Country Club Ln<br>Fort Worth, TX 76112 | Donald Gene Atwell<br>11041Peninsula Lane<br>Keller, TX  76244 |

Case No:    17-40257-13
Debtor(s):  **Donald Gene Atwell**
            **Glynda Ellen Atwell**

| | | |
|---|---|---|
| DRS<br>PO Box 830808<br>Richardson, TX 75083 | Forest Park Medical at Southlake<br>PO Box 11192<br>Knoxville, TN 37939 | Mnet Financial<br>xxxxxxxxxxxx1014<br>95 Argonaut Suite 250<br>Aliso Viejo, CA 92656 |
| DRS<br>xxx0100<br>PO Box 830808<br>Richardson, TX 75083 | Gc Servies Limited Partnership<br>xxxxxxxxxxx1741<br>Po Box 1022<br>Wixom, MI 48393-1022 | Monterrey Mhp Partners, Ltd<br>D/B/A Lexington Place<br>11001 Rancho Pl<br>Fort Worth, TX 76244 |
| Ecmc<br>xxxxxx0001<br>101 5th St E Ste 2400<br>Saint Paul, MN 55101 | Heart Place<br>xx7881<br>P.O. Box 842464<br>Dallas, TX 75284 | Montgomery Lovell, Ltd.<br>xxxxx0188<br>3045 Lackland Road<br>Fort Worth, TX 76116 |
| Financial Corp. of America<br>xxxxxx8655<br>PO Box 203500<br>Austin, TX 78720 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Montgomey Lovell, LTD<br>xxxxxx0188<br>3045 Lockland Road<br>Fort Worth, TX 76116 |
| First National Bank<br>xxxx3961<br>PO Box 937<br>Killeen, TX 76540 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA 19114 | North Hills Hospital<br>xxxx8658<br>P.O. Box 639400<br>Irving, TX 75063 |
| First National Collection Beuau<br>xxxxx9767<br>610 Waltham Way<br>Sparks, NV 89434 | Keller ISD Appraisal<br>c/o Perdue, Brandon, Fielder, Collins<br>PO Box 13430<br>Arlington, TX 76094 | NPAS Inc.<br>xxxx6846<br>P.O. 99400<br>Louisville, KY 40269 |
| First Premier Bank<br>xxxx-xxxx-xxxx-1819<br>PO Box 5519<br>Sioux Falls, SD 57117 | Medicredit, Inc<br>xxxx1339<br>PO Box 1629<br>Maryland Heights, MO 63043 | NTTA/Linebarger, Goggan, Blair &<br>Sampson, LLP<br>P.O. Box 3064<br>Houston, TX Z77253 |
| First Premier Bank<br>xxxxxxxx6534<br>601 South Minnesota Ave<br>Sioux Falls, SD 57104 | Mirand Response Systems<br>xxxxxx7995<br>PO BOx 219050<br>Houston, TX 77218-9050 | One Main Finance<br>xxxx1559<br>6633 Blvd 26, Ste 107<br>North Richland Hill, TX 76180 |

Case No: 17-40257-13
Debtor(s): **Donald Gene Atwell**
**Glynda Ellen Atwell**

Paramount Recovery Systems
xxxxxxxxxxxxx9355
105 Deanna St
Robinson, TX 76706

Tarrant County College Appraisal
c/o Linebarger Goggan Blair &
SampsonLLP
2323 Bryan Street, Ste. 1600
Dallas, TX 75201

Professional Account Management
xxxx6942
PO Box 866608
Plano, TX 75086

Tarrant County Hospital District
Apprais
c/o Linebarger Goggan Blair &
SampsonLLP
2323 Bryan Street, Ste. 1600
Dallas, TX 75201

Regional Water District Appraisal
c/oLinebarger Goggan Blair &
Sampson LLP
2323 Bryan Street, Ste 1600
Dallas, TX 75201

Texas Alcoholic Beverage Comm
Licences and Permits Division
P.O. Box 13127
Austin, TX 78711-3127

Rs Clark and Associate
xxxxxxxxxx0025
12990 Pandora Dr Ste 150
Dallas, TX 75238

TX Health physician Group
xxxxx2493
P.O. Box 732262
Dallas, TX 75573

Rs Clark and Associate
xxxxxxxxxx2520
12990 Pandora Dr Ste 150
Dallas, TX 75238

TX Health physician Group
xxxxxx6291
P.O. Box 732262
Dallas, TX 75573

Snap Finance
136 E. South Temple #2420
Salt Lake City, UT 84111

United Revenue Corp
xxx7009
204 Billings St Ste 120
Arlington, TX 76010

Spine Team Texas PA
10840 Texas Health Trail
Keller, TX 76244

United States Attorney - NORTH
3rd Floor, 1100 Commerce St.
Dallas, TX 75242

Tarrant County Appraisal
c/o Linebarger Goggan Blair &
SampsonLLP
2323 Bryan Street, Ste. 1600
Dallas, TX 75201

World Finance Corporat
xxxxxxxx6201
3225 Harwood Road
Bedford, TX 76021

**Allmand Law Firm, PLLC**
860 Airport Freeway, Suite 401
Hurst, TX 76054

Bar Number: **24027134**
Phone: **(214) 265-0123**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: | **Donald Gene Atwell** | xxx-xx-9706 § | CASE NO: **17-40257-13** |
| | 11041 Peninsula Lane | § | |
| | Keller, TX 76244 | § | |
| | | § | |
| | | § | |
| | **Glynda Ellen Atwell** | xxx-xx-6804 | |
| | 11041 Peninsula Lane | | |
| | Keller, TX 76244 | | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: 1/25/2017

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | Variable Plan Payments. See Monthly Schedule below.* | |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $74.90 | See below* |
| Filing Fee | $0.00 | See below* |
| Noticing Fee | $56.70 | See below* |
| **Subtotal Expenses/Fees** | **$136.60** | **See below*** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$617.40** | **See below*** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Ally Financial | 2012 Ford F 150 | $26,309.39 | $15,781.25 | 1.25% | $197.27 |
| One Main Finance | 2007 Honda Ridgeline V-6 (approx | $7,324.07 | $9,981.25 | 1.25% | $91.55 |
| | Total Adequate Protection Payments for Creditors Secured by Vehicles: | | | | **$288.82** |

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| | Payments for Current Post-Petition Mortgage Payments (Conduit): | | | | **$0.00** |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No:   17-40257-13
Debtor(s):   Donald Gene Atwell
  Glynda Ellen Atwell

### CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Monterrey Mhp Partners, Ltd | rental lot | $1,462.00 | $1,462.00 | 1.25% | $18.27 |
| Montgomery Lovell, Ltd. | mobile Home | $2,093.00 | $2,093.00 | 1.25% | $26.16 |

Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: **$44.43**

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$288.82** |
| Debtor's Attorney, per mo: | **$284.15** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$44.43** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$288.82** |
| Debtor's Attorney, per mo: | **See Monthly Schedule below*** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$44.43** |

**\*Monthly Schedule**

| Month | Plan Payment | Account Balance Reserve | Trustee Percentage Fee | Filing Fees | Noticing Fees | Subtotal Expenses/ Fees | Available | Available for APD | Available for Attorney |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $754.00 | $5.00 | $74.90 | $0.00 | $56.70 | $136.60 | $617.40 | $333.25 | $284.15 |
| 2 | $754.00 | | $75.40 | | | $75.40 | $678.60 | $333.25 | $345.35 |
| 3 | $754.00 | | $75.40 | | | $75.40 | $678.60 | $333.25 | $345.35 |
| 4 | $754.00 | | $75.40 | | | $75.40 | $678.60 | $333.25 | $345.35 |
| 5 | $754.00 | | $75.40 | | | $75.40 | $678.60 | $333.25 | $345.35 |
| 6 | $754.00 | | $75.40 | | | $75.40 | $678.60 | $333.25 | $345.35 |
| 7 | $1,514.00 | | $151.40 | | | $151.40 | $1,362.60 | $333.25 | $1,029.35 |
| 8 | $1,514.00 | | $151.40 | | | $151.40 | $1,362.60 | $333.25 | $430.75 |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED:   **2/13/2017**

**/s/ Weldon Reed Allmand**
Attorney for Debtor(s)

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Donald Gene Atwell**                                   CASE NO. **17-40257-13**
*Debtor*

**Glynda Ellen Atwell**                                          CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 13, 2017, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Weldon Reed Allmand**
Weldon Reed Allmand
Bar ID:24027134
Allmand Law Firm, PLLC
860 Airport Freeway, Suite 401
Hurst, TX 76054
(214) 265-0123

| | | |
|---|---|---|
| Acceptance Now<br>xxxxxxxxxxxxxxxxxxxx0079<br>5501 Headquarters Dr<br>Plano, TX 75024 | Alliance one<br>xxxx4097<br>6160 Mission Gorge Road<br>San Diego, CA 92120 | Covington Credit/Smc<br>xxxxx0485<br>P.O. Box 1947<br>Greenville, SC  29602 |
| Ad Astra Recovery Serv<br>xxx8754<br>3611 N Ridge Road #104<br>Wichita, KS 67205 | Ally Financial<br>xxxxxxxx1450<br>PO Box 78234<br>Phoenix, AZ  85062 | Credit Service Co<br>xxx7932<br>PO Box 1120<br>Colorado Springs, CO 80901 |
| Ad Astra Recovery Serv<br>xxx5131<br>3611 N Ridge Road #104<br>Wichita, KS 67205 | Attorney General of Texas<br>Bankruptcy Collection Division<br>PO Box 12017<br>Austin, TX 78711 | Credit Service Co<br>xxx4217<br>PO Box 1120<br>Colorado Springs, CO 80901 |
| Advanced Genomics<br>xx8680<br>4939 D Zavala, Suite 101<br>San Antonio, TX 78249 | City of Fort Worth Appraisal<br>c/oLinebarger Goggan Blair & Sampson LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | Credit Systems Intl In<br>xxxxx2419<br>1277 Country Club Ln<br>Fort Worth, TX 76112 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Donald Gene Atwell**　　　　　　　　　　　　　　　　　CASE NO. **17-40257-13**
*Debtor*

**Glynda Ellen Atwell**　　　　　　　　　　　　　　　　　　　　CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Credit Systems Intl In
xxxxx1080
1277 Country Club Ln
Fort Worth, TX 76112

DRS
xxx0100
PO Box 830808
Richardson, TX 75083

Forest Park Medical at Southlake
PO Box 11192
Knoxville, TN 37939

Credit Systems Intl In
xxxxx5930
1277 Country Club Ln
Fort Worth, TX 76112

Ecmc
xxxxxx0001
101 5th St E Ste 2400
Saint Paul, MN 55101

Gc Servies Limited Partnership
xxxxxxxxxxx1741
Po Box 1022
Wixom, MI 48393-1022

Credit Systems Intl In
xxxxxx-xxx9181
1277 Country Club Ln
Fort Worth, TX 76112

Financial Corp. of America
xxxxxx8655
PO Box 203500
Austin, TX 78720

Heart Place
xx7881
P.O. Box 842464
Dallas, TX 75284

Credit Systems Intl In
xxx7932
PO Box 1120
Colorado Springs, CO 80901

First National Bank
xxxx3961
PO Box 937
Killeen, TX 76540

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Diversified Credit Sys
x3436
PO Box 3424
Longview, TX 75606

First National Collection Beuau
xxxxx9767
610 Waltham Way
Sparks, NV 89434

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114

Donald Gene Atwell
11041 Peninsula Lane
Keller, TX 76244

First Premier Bank
xxxx-xxxx-xxxx-1819
PO Box 5519
Sioux Falls, SD 57117

Keller ISD Appraisal
c/o Perdue, Brandon, Fielder, Collins
PO Box 13430
Arlington, TX 76094

DRS
PO Box 830808
Richardson, TX 75083

First Premier Bank
xxxxxxx6534
601 South Minnesota Ave
Sioux Falls, SD 57104

Medicredit, Inc
xxxx1339
PO Box 1629
Maryland Heights, MO 63043

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE: **Donald Gene Atwell**   CASE NO. **17-40257-13**
*Debtor*

**Glynda Ellen Atwell**   CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

| | | |
|---|---|---|
| Mirand Response Systems<br>xxxxxx7995<br>PO BOx 219050<br>Houston, TX 77218-9050 | NTTA/Linebarger, Goggan, Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX Z77253 | Snap Finance<br>136 E. South Temple #2420<br>Salt Lake City, UT 84111 |
| Mnet Financial<br>xxxxxxxxxxxx1014<br>95 Argonaut Suite 250<br>Aliso Viejo, CA 92656 | One Main Finance<br>xxxx1559<br>6633 Blvd 26, Ste 107<br>North Richland Hill, TX 76180 | Spine Team Texas PA<br>10840 Texas Health Trail<br>Keller, TX 76244 |
| Monterrey Mhp Partners, Ltd<br>D/B/A Lexington Place<br>11001 Rancho Pl<br>Fort Worth, TX 76244 | Paramount Recovery Systems<br>xxxxxxxxxxxx9355<br>105 Deanna St<br>Robinson, TX 76706 | Tarrant County Appraisal<br>c/o Linebarger Goggan Blair & SampsonLLP<br>2323 Bryan Street, Ste. 1600<br>Dallas, TX 75201 |
| Montgomery Lovell, Ltd.<br>xxxxx0188<br>3045 Lackland Road<br>Fort Worth, TX 76116 | Professional Account Management<br>xxxx6942<br>PO Box 866608<br>Plano, TX 75086 | Tarrant County College Appraisal<br>c/o Linebarger Goggan Blair & SampsonLLP<br>2323 Bryan Street, Ste. 1600<br>Dallas, TX 75201 |
| Montgomey Lovell, LTD<br>xxxxxx0188<br>3045 Lockland Road<br>Fort Worth, TX 76116 | Regional Water District Appraisal<br>c/oLinebarger Goggan Blair & Sampson LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | Tarrant County Hospital District Apprais<br>c/o Linebarger Goggan Blair & SampsonLLP<br>2323 Bryan Street, Ste. 1600<br>Dallas, TX 75201 |
| North Hills Hospital<br>xxxx8658<br>P.O. Box 639400<br>Irving, TX 75063 | Rs Clark and Associate<br>xxxxxxxxxx0025<br>12990 Pandora Dr Ste 150<br>Dallas, TX 75238 | Texas Alcoholic Beverage Comm<br>Licences and Permits Division<br>P.O. Box 13127<br>Austin, TX 78711-3127 |
| NPAS Inc.<br>xxxx6846<br>P.O. 99400<br>Louisville, KY 40269 | Rs Clark and Associate<br>xxxxxxxxxx2520<br>12990 Pandora Dr Ste 150<br>Dallas, TX 75238 | TX Health physician Group<br>xxxxx2493<br>P.O. Box 732262<br>Dallas, TX 75573 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:  **Donald Gene Atwell**                                    CASE NO.  **17-40257-13**
                              *Debtor*

**Glynda Ellen Atwell**                                             CHAPTER  **13**
                              *Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #3)

TX Health physician Group
xxxxxx6291
P.O. Box 732262
Dallas, TX 75573


United Revenue Corp
xxx7009
204 Billings St Ste 120
Arlington, TX 76010


United States Attorney - NORTH
3rd Floor, 1100 Commerce St.
Dallas, TX 75242


World Finance Corporat
xxxxxxxx6201
3225 Harwood Road
Bedford, TX 76021